JOEL KERNS AND RUTH KERNS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Kerns v. Commissioner
Docket No. 8279-81.
United States Tax Court
T.C. Memo 1984-22; 1984 Tax Ct. Memo LEXIS 649; 47 T.C.M. (CCH) 904; T.C.M. (RIA) 84022; January 11, 1984. Joel Kerns, pro se. Darren Larsen, for the respondent. RAUM
MEMORANDUM *650 OPINION RAUM, Judge: The Commissioner determined an $8,002 deficiency in petitioners' 1978 Federal income tax. After concessions, the principal issue for decision is whether, pursuant to section 1034, I.R.C. 1954, petitioners are entitled to defer recognition of gain realized by them on sale of their principal residence on September 22, 1978. The facts have been stipulated. Petitioners Joel and Ruth Kerns are husband and wife. Their legal residence at the date of the filing of the petition herein was 1358 Paseo Gracia, San Dimas, California 91773. At the time of trial, Joel Kerns resided at 625 West Wisteria, Arcadia, California 91006, and Ruth Kerns resided at 33 Eastern, Pasadena, California 91107. On December 19, 1975, petitioners purchased and thereafter occupied a personal residence located at 601 South Old Ranch Road, Arcadia, California (the first, or the Old Ranch Road residence). On May 13, 1977, they sold this residence, realizing $32,070 of long-term capital gain. [1] Petitioners deferred recognition of this gain, pursuant to section 1034, I.R.C. 1954, as in effect for the tax year 1977. *651 On May 27, 1977, petitioners purchased and thereafter occupied a new residence located at 634 West Naomi Avenue, Arcadia, California (the second, or West Naomi residence). They sold this residence on September 22, 1978. The parties have stipulated that the "realized * * * net gain" on this sale was $52,638, an amount calculated by first determining that petitioners' adjusted basis in the second residence was $48,098 (The $80,168 purchase price of the second residence reduced by the $32,070 deferred gain on sale of the first residence) and by then subtracting this basis from the $100,736 net amount realized on the sale of the second residence. [2]
On December 1, 1978, petitioners purchased for $101,161 a third residence located at 1358 Paseo Gracia, San Dimas, California. The record indicates that they occupied this residence beginning in September 1978 and continued to occupy it after the purchase on December 1. On their 1978 Federal income tax return, petitioners recognized no part of the gain realized on the *652 1978 sale of the second residence. In his deficiency notice, the Commissioner determined that petitioners should have recognized the entire $52,638 of realized gain "because it ha[d] not been established that [petitioners] * * * met the requirements of section 1034". [3] We hold that the Commissioner was correct. Generally, all gain realized on the sale or exchange of property is recognized. Section 1001(c), I.R.C. 1954. Section 1034 provides a mandatory exception to this general rule if the gain realized relates to the sale or exchange of a principal residence. Section 1.1034-1(a), Income Tax Regs.Section 1034(a), as in effect with respect to the 1978 sale of the West Naomi residence, reads in relevant part: (a) Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his *653 principal residence is sold by him, and, within a period beginning 18 months [4] before the date of such sale and ending 18 months after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price * * * of the old residence exceeds the taxpayer's cost of purchasing the new residence. However, the nonrecognition provisions of subsection (a) are rendered inapplicable by subsection (d) if during the 18-month period rior to such sale the taxpayer had realized gain on sale of another principal residence which was not recognized by reason of subsection (a). Subsection (d) provides as follows: (1) In General.--Subsection (a) shall not apply with respect to the sale of the taxpayer's residence if within 18 months before the date of *654 such sale the taxpayer sold at a gain other property used by him as his principal residence, and any part of such gain [5] was not recognized by reason of subsection (a). Accordingly, unless some other nonrecognition provision applies, a taxpayer who had enjoyed the benefits of section 1034(a) upon sale of a principal residence is not entitled to nonrecognition of gain on sale of a second principal residence where the first sale occurred during the 18-month period immediately preceding the second sale. It is obvious from the clear language of the statute that petitioners must recognize the gain realized on the 1978 sale of their West Naomi residence. Such sale occurred on September 22, 1978, only 16-1/4 months after the May 13, 1977, sale of the Old Ranch Road Residence. Gain on the sale of the Old Ranch Road residence was accorded nonrecognition pursuant to section 1034(a), and there *655 is no serious evidence that such treatment was incorrect. Accordingly, the realized gain on the sale of the West Naomi residence is subject to the "exception to the exception" found in section 1034(d)(1) and therefore must be recognized pursuant to section 1001(c). Our conclusion is required by the express language of section 1034, I.R.C. 1954. Petitioners contend that the statute does not fix which of several sequential sales within the statutory period is entitled to the benefits of section 1034, and they seek nonrecognition here in respect of the 1978 sale rather than the 1977 sale. That contention is unfounded. No such unnatural reading of the statute is justified. At the time of the sale of the first residence and purchase of the second residence, section 1034 became applicable, [6] petitioners took advantage of its provisions, and may not now be heard to relinquish the benefits thus enjoyed in favor of still greater benefits based upon sale of the second residence and purchase of the third. The statute simply does not lend itself to any such application. It is clear upon its face, and that is the end of the matter. *656 Petitioners further argue that even if they must recognize gain on the sale of the West Naomi residence, the proper amount to be recognized is not the $52,638 gain actually realized, but rather $20,568, which is the difference between the property's $100,736 adjusted selling price and its $80,168 purchase price, unreduced by the earlier $32,070 deferred gain. We do not agree. Petitioners stipulated that the "realized * * * net gain" on the sale was $52,638 and they have shown us no reason to ignore such stipulation.Moreover, the amount stipulated was correctly determined. When gain goes unrecognized pursuant to section 1034(a), section 1034(e)[7] requires that the basis of the "new" principal residence be reduced by the amount of deferred gain, thus "preserving" such gain. In the situation where the taxpayer purchases more than one principal residence during the statutory period following the nonrecognition sale, the last residence so purchased is considered the "new" residence for purposes of "preserving" the nonrecognized gain. Section 1034(c)(4), I.R.C. 1954. [8] Thus, where a taxpayer purchases and sells a number of principal residences during the statutory period following *657 a section 1034 nonrecognition sale, the statute ignores all of these transactions save for the last purchase occurring within the period and "preserves" the gain from the nonrecognition sale in the basis of that last purchase. See Aagaard v. Commissioner,56 T.C. 191, 204 (1971); see also Rev. Rul. 81-53, 1981-1 C.B. 439. *658 Here, the last purchase occurring within the 18-month statutory period was the purchase of the West Naomi (the second) residence; the purchase of the Paseo Gracia (the third) residence did not occur until December 1, 1978, 18-1/2 months after the May 13, 1977, nonrecognition sale. Thus, it was appropriate to reduce the basis of the West Naomi residence by the gain realized on the May 13, 1977, sale of the Old Ranch Road (the first) residence, and to recognize such gain when the West Naomi residence was sold. Petitioners must therefore recognize $52,638 of long-term capital gain on the sale of the West Naomi residence. To reflect concessions with respect to other issues, Decision will be entered under Rule 155.
Footnotes
1. The realized gain on the sale of the Old Ranch Road property was computed as follows: ↩
Gross Sales Price
$81,000
Selling Expense & Commission
4,640
Amount realized
76,360
Adjusted Basis of Property
44,290
Realized Gain
$32,070
2. The parties determined the net amount realized on the sale by subtracting $7,264 of selling expense and commission from the gross sales price of $108,000.↩
3. Respondent's deficiency notice also raised questions with respect to petitioners' 1978 charitable contribution and depreciation deductions, and included adjustments with respect to petitioners' medical expense and state sales tax deductions. However, the parties have stipulated with respect to all of these issues and they are not now in dispute.↩
4. In 1981 the 18-month statutory period was increased to two years by section 122(a) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 197, as amended by sec. 101(d) Pub. L. 97-448, 96 Stat. 2366, generally for old residences sold or exchanged after July 20, 1981.↩
5. This restriction is inapplicable if the sale is "in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work". Sec. 1034(d)(2), I.R.C. 1954. There is no suggestion that section 1034(a)(2)↩ is applicable here.
6. The provisions of section 1034 are mandatory. Sec. 1.1034-1(a), Income Tax Regs.↩
7. Sec. 1034(e) provides in relevant part: (e) Basis of New Residence.--Where the purchase of a new residence results, under subsection (a) * * * in the nonrecognition of gain on the sale of an old residence, in determining the adjusted basis of the new residence as of any time following the sale of the old residence, the adjustments to basis shall include a reduction by an amount equal to the amount of the gain not so recognized on the sale of the old residence. For this purpose, the amount of the gain not so recognized on the sale of the old residence includes only so much of such gain as is not recognized by reason of the cost, up to such time, of purchasing the new residence. ↩
8. Sec. 1034(c)(4) provides: (c) Rules for Application of Section.--For purposes of this section: * * * (4) If the taxpayer, during the period described in subsection (a), purchases more than one residence which is used by him as his principal residence at some time within 18 months after the date of the sale of the old residence, only the last of such residences so used by him after the date of such sale shall constitute the new residence.↩